Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| IN RE: | CASE NO. 2:16-bk-20006 |
| JAMES F. HUMPHREYS & ASSOCIATES, L.C., | CHAPTER 11 |
| Debtor. | JUDGE FRANK W. VOLK |

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTIONS TO WITHDRAW PROOFS OF CLAIM AND
### DENYING OBJECTIONS THERETO AS MOOT

Pending are the following motions: (1) Creditors Ira and Mavis Horne's (together, the "Hornes") Motion to Withdraw Proofs of Claim Numbers 39 & 40 (doc. no. 489), Objection thereto by Debtor James F. Humphreys & Associates, L.C. (the "Firm") (doc. nos. 508 and 517), the Response by the Hornes (doc. no. 570), and the Reply by the Firm (doc. no. 622); and (2) Creditor Linda Hubbard's Motion to Withdraw Proof of Claim Number 41 (doc. no. 490), Objection thereto by the Firm (doc. no. 519), the Response by Ms. Hubbard (doc. no. 571), and the Reply by the Firm (doc. no. 625). On August 24, 2016, the Court held a hearing on the above-listed matters, among others.

### I.

On January 13, 2016, the Firm filed its Chapter 11 Petition. Immediately thereafter the Firm removed Civil Action no. 14-C-1684, captioned *Ira Calvary Horne and Mavis Horne v. James F. Humphreys, Individually, and James F. Humphreys and Associates, L.C.*, to the United States Bankruptcy Court for the Southern District of West Virginia (A.P. no. 16-ap-2004). On

January 18, 2016, the Hornes moved to remand. The Court remanded the action, in part, and the Firm has taken an appeal.

Meanwhile, the Hornes and Ms. Hubbard filed their proofs of claim in the main case. Ira Horne filed proof of claim no. 39-1 in the amount of $5,000,000.00 against Mr. Humphreys, individually, and the Firm for legal malpractice and fraud. Mavis Horne filed proof of claim no. 40-1 in the amount of $5,000,000.00 against Mr. Humphreys, individually, and the Firm for legal malpractice and fraud. Linda Hubbard filed proof of claim no. 41-1 in the amount of $3,500,000.00 against Mr. Humphreys and the Firm for legal malpractice and fraud. Both the Firm and Mr. Humphreys individually objected to these three proofs of claim (doc. nos. 450, 504, 452, 502, 448, and 500) prior to the filing of the motions to withdraw.

The Hornes now seek to withdraw their proofs of claim. They assert withdrawal is appropriate following the partial remand inasmuch as they now desire to seek only their remedies against the Firm's non-bankrupt principal, Mr. Humphreys. Ms. Hubbard states likewise in her Motion. The Firm objects.

## II.

A.    **Governing Standard**

The filing of a proof of claim is governed by 11 U.S.C. § 501(a) and Federal Rule of Bankruptcy Procedure 3001. A proof of claim is a "'form filed by a creditor in a bankruptcy proceeding that states the amount the debtor owes to the creditor and the reason for the debt.'" *In re Dubois*, No. 15-1945, 2016 WL 4474156, at *1 (4th Cir. Aug. 25, 2016) (quoting *Covert v. LVNV Funding, LLC,* 779 F.3d 242, 244 n.1 (4th Cir. 2015)); *see also Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004) ("A proof of claim is the

creditor's statement as to the amount and character of the claim"). Such a filing commences an action within the bankruptcy proceeding to establish the "provability, priority, amount, etc." of the claim. *In re Ira Haupt & Co.*, 253 F. Supp. 97, 98–99 (S.D.N.Y 1966); *see also Harford Sands*, 372 F.3d at 640 (the creditor's filing of a proof of claim "constitutes prima facie evidence of the amount and validity of the claim." The burden then shifts to the debtor to object to the claim. "The debtor must introduce evidence to rebut the claim's presumptive validity").

Once a proof of claim is filed, Rule 3006 governs the matter of withdrawal. Rule 3006 provides that a creditor may "withdraw a claim as of right by filing a notice of withdrawal." Fed. R. Bankr. P. 3006. The same Rule, however, also fixes a point at which withdrawal as of right terminates:

> If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim *except on order of the court after a hearing on notice to the trustee or debtor in possession . . . .*

Fed. R. Bankr. P. 3006; *see also Moses v. CashCall, Inc.*, 781 F.3d 63, 89 (4th Cir. 2015) (Davis, Sen. J., concurring in the judgment in part and dissenting in part).

A motion to withdraw a proof of claim is often analogized to a motion for, or notice of, voluntary dismissal under Federal Rule of Civil Procedure 41(a).[1] Similar standards thus govern both mechanisms. *Moses*, 781 F.3d at 89. In a bankruptcy proceeding, a motion to withdraw a proof of claim, like a motion for, or notice to, voluntarily dismiss a civil action, "is left to the court's discretion, which is 'to be exercised with due regard to the legitimate interests of both [parties].'" *Id.* (quoting *In re Ogden New York Servs.*, 312 B.R. 729, 732 (S.D.N.Y. 2004)); *see*

---

[1] Fed. R. Civ. P. 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.*

*generally In re Varona*, 388 B.R. 705, 726 (E.D. Va. 2008). Specifically, when "deciding whether to authorize a voluntary dismissal, a . . . [bankruptcy] court must consider whether the defendant will suffer legal prejudice as a result of the court's dismissal." *In re Lowenschuss*, 67 F. 3d 1394, 1399 (9th Cir. 1995); *see also Moses*, 781 F.3d at 89. To assess undue prejudice, the bankruptcy court will apply the standards adopted under Rule 41(a). *In re TMG Liquidation Company*, No. 11-03216-HB, 2012 Bankr. LEXIS 2575 (Bankr. D.S.C. June 6, 2012). The Court will consider factors such as follows:

> [T]he plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.

*Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990); *In re Ogden New York Servs., Inc.*, 312 B.R. 729, 732 (S.D.N.Y. 2004). At least one commentator has observed additional factors that apply in the bankruptcy context: "the extent the claim itself has progressed . . . [,] delay in prosecution of the claim, prejudice to others and the importance of the claim to the reorganization effort." 9-3006 Collier on Bankruptcy ¶ 3006.01 (16th ed.).

Courts have consistently held that withdrawal motions "should be granted unless it is apparent that significant prejudice would be created by doing so." *Cashcall, Inc. v. Moses*, No. 5:13-CV-148-BO, 2013 U.S. Dist. LEXIS 122490 (E.D.N.C. July 15, 2013) (citing *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986); *see also Moses v. Cashcall, Inc.*, 781 F.3d 63, 81 (4th Cir. 2015); *In re Varona*, 388 B.R. 705, 726 (E.D.V.A. 2008). The purpose of Rule 41(a)(2) is "freely to allow voluntary dismissals unless the parties will be unfairly prejudiced," *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987); *see also Vosburgh v. Indem. Ins. Co. of N. Am.,* 217 F.R.D. 384, 386 (S.D. W. Va. 2003).

B.   *Analysis*

Following a studied review of the parties' filings, along with the arguments offered at the hearing, the Court has difficulty identifying any specific and calculable prejudice to the Firm by withdrawal. It is particularly noteworthy that counsel for the Hornes and Ms. Hubbard pledged, in an unqualified fashion, that they would seek no relief against the Firm should they succeed in withdrawing their claims. That assertion, in concert with the recent extension of the automatic stay to Mr. Humphreys in the adversary proceeding (A.P. No. 2:16-ap-2007), lays to rest any concerns respecting vexatiousness. The same is true respecting any concerns about the duplicative expense of re-litigation. Considering the remaining factors, along with the satisfactory explanation for the requested withdrawal, the balance tips toward the Hornes and Ms. Hubbard. It is, accordingly, **ORDERED** as follows:

1. That the Motion by Ira Horne and Mavis Horne to Withdraw Proofs of Claim Nos. 39 & 40 be, and is hereby, **GRANTED**;

2. That the Motion by Linda Hubbard to Withdraw Proof of Claim No. 41 be, and is hereby, **GRANTED;**

3. That the Objection by the Debtor to Claim Number 39 held by Ira Horne be, and is hereby, **DENIED AS MOOT**;

4. That the Objection by the Debtor to Claim Number 40 held by Mavis Horne be, and is hereby, **DENIED AS MOOT**;

5. That the Objection by the Debtor to Claim Number 41 held by Linda Hubbard be, and is hereby, **DENIED AS MOOT**;

6. That the Objections by Creditor James Humphreys to Claims of Ira Horne and Mavis Horne (doc. nos. 504 and 502) be, and are hereby, **DENIED AS MOOT**;

7. That the Objection by Creditor James Humphreys to Claim of Linda Hubbard be, and is hereby, **DENIED AS MOOT**; and

8. That Ira Horne, Mavis Horne, Linda Hubbard, and Beverly McCormick be, and hereby are, permitted to withdraw their Motion to Require Debtor to File Amended List of Creditors who have the 20 Largest Unsecured Claims.

The Clerk is directed to transmit a copy of this written opinion and order to all parties or their counsel who are entitled to notice.