Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

Dated: September 27th, 2017

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE:<br><br>JAMES F. HUMPHREYS<br>& ASSOCIATES, L.C.,<br><br>      Debtor. | CASE NO. 2:16-bk-20006<br><br>CHAPTER 11<br><br><br>JUDGE FRANK W. VOLK |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO STRIKE AMENDED PROOF OF CLAIM
FILED BY HUMPHREY, FARRINGTON & MCCLAIN, P.C., (CLAIM NO. 48-2)**

    Pending are the motions (1) to strike amended proof of claim of Humphrey, Farrington & McClain, P.C. ("HFM"), filed by Reorganized Debtor James F. Humphreys & Associates, L.C. (Humphreys & Associates) [Doc. No. 1280], and (2) HFM's cross motion to authorize the filing of the amended proof of claim [Doc. 1287].

**I.**

    On January 13, 2016 (the "Petition Date"), Humphreys & Associates sought relief under Chapter 11 of the Bankruptcy Code. The following day the Court set by Notice the May 23, 2016, "General Bar Date" for filing proofs of claim. On February 23, 2016, Logan & Company, Inc. ("Logan"), was appointed as the claims, noticing, and balloting agent, pursuant to 28 U.S.C. § 156(c). In that capacity, Logan maintained the filed proofs of claim.

On May 23, 2016, Logan received the proof of claim (Doc. 48; ("Proof of Claim") filed by HFM in the amount of $1,500,000. On May 31, 2016, the Court approved a Claims Procedure Notice and extended the proof of claim bar date to July 20, 2016. On June 3, 2016, pursuant to the May 31, 2016, order, Logan served the Claims Procedures Notice on HFM. The Claims Procedure Notice provides that "[p]roofs of claim forms must be mailed to Logan . . . . **DO NOT SEND a proof of claim (i) to the Court or its clerk** . . . ." Claims Procedure Notice, Doc. 424 (emphasis in original).

On November 8, 2016, Humphreys & Associates filed its Combined Plan of Reorganization and Disclosure Statement Together with Injunction and Channeling Injunction ("Confirmed Plan"). On December 1, 2016, the Court conditionally approved the Disclosure Statement. The Confirmed Plan was entered with Court approval on February 10, 2017.

The Effective Date of the Confirmed Plan was February 28, 2017. The Confirmed Plan provides pertinently as follows:

> On and after the Effective Date, . . . a Claim may not be Filed or amended without the prior authorization of the Court and the Reorganized Debtor, and any such new or amended Claim Filed shall be deemed Disallowed in full and expunged without any further action, order, or approval of the Court.

Conf. Plan § VII(b). On the Effective Date, HFM filed -- directly with the Court and not Logan -- an amended proof of claim, No. 48-2 ("Amended Claim"). The Amended Claim is in the amount of $2,393,048.02. Humphreys & Associates has now moved to strike the Amended Claim for several independent reasons, namely, (1) the Amended Claim is untimely, and (2) the Amended Claim was not transmitted pursuant to the Claims Procedure Notice.

## II.

A. **Governing Standard**

The filing of a proof of claim is governed by 11 U.S.C. § 501(a) and Federal Rule of Bankruptcy Procedure 3001. A proof of claim is a "'form filed by a creditor in a bankruptcy proceeding that states the amount the debtor owes to the creditor and the reason for the debt.'" *In re Dubois*, No. 15-1945, 2016 WL 4474156, at *1 (4th Cir. Aug. 25, 2016) (quoting *Covert v. LVNV Funding, LLC,* 779 F.3d 242, 244 n.1 (4th Cir. 2015)); *see also Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004) ("A proof of claim is the creditor's statement as to the amount and character of the claim"). From a substantive standpoint, such a filing commences an action within the bankruptcy proceeding to establish the "provability, priority, amount, etc." of the claim. *In re Ira Haupt & Co.*, 253 F. Supp. 97, 98–99 (S.D.N.Y 1966); *see also Harford Sands*, 372 F.3d at 640 (the creditor's filing of a proof of claim "constitutes prima facie evidence of the amount and validity of the claim." The burden then shifts to the debtor to object to the claim. "The debtor must introduce evidence to rebut the claim's presumptive validity").

From a procedural perspective, especially post-confirmation, the standard governing amended claims is decidedly enhanced under the circumstance here presented. The Honorable Rosemary Gambardella has given this good, recent summary:

> The issue . . . is not mere amendment of a timely filed proof of claim. Rather, this court is faced with determining whether to allow amendment of a claim *after the Plan of Reorganization has been confirmed and consummated*. The Court finds the *Holstein v. Brill* case particularly instructive, where the Seventh Circuit determined that changes after the milestone of confirmation of the plan "should be allowed only for compelling reasons." 987 F.2d 1268, 1270 (7th Cir.1993). Further, in *In re Nextmedia Group Inc.*, 2011 WL 4711997, at *3 (D. Del. Oct. 6, 2011), the court found that "[w]hile it is not impossible to amend a claim after a plan of

3

organization has been confirmed and rendered effective, a party must generally show good cause to do so." The *Nextmedia Group* court further noted that while the Third Circuit has not directly addressed the issue, "the Eleventh Circuit has recently followed the Seventh Circuit in holding that res judicata precludes post-confirmation amendments absent some 'compelling reason.' " *Id.* (citing *In re Winn–Dixie Stores, Inc.*, 639 F.3d 1053, 1056 (11th Cir. 2011)).

*In re G-I Holdings, Inc.*, 514 B.R. 720, 760 (Bkrtcy. D.N.J. 2014) (emphasis added). Judge Gambardella's lucid observations dovetail with that of my colleague in the North. *Fairmont General Hospital, Inc.*, 2017 WL 1157091, at *4 (Bkrtcy. N.D. W. Va. 2017) ("Finally, in cases where a party seeks to amend a claim after confirmation, 'a creditor must demonstrate a "compelling reason" to amend the claim given the discharge, the *res judicata* effect of the plan, the disruption to the orderly process of adjudication and the interests of finality.'"). It is also reasonably predictive respecting how our court of appeals would resolve the matter. *Cf. LVNV Funding, LLC v. Harling*, 852 F.3d 367, 371 (4th Cir. 2017) ("Nonetheless, Chapter 13 confirmation orders have a preclusive effect on those issues litigated by or determined at confirmation, as the plan confirmation order is a "final determination" as to those matters it actually addresses.) (citing the Chapter 11 case of *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) ("A bankruptcy court's order of confirmation is treated as a final judgment with *res judicata* effect.") (citing *Stoll v. Gottlieb*, 305 U.S. 165, 170-71 (1938); *Piedmont Trust Bank v. Linkous*, 990 F.2d 160, 162 (4th Cir.1993); 5 Collier on Bankruptcy ¶ 1141.01[1] (15th ed. 1989)).

**B.     *Analysis***

The Amended Claim must be stricken for a number of reasons. First, it does not comply with Section VII(b) of the Confirmed Plan. Second, there has been no showing that a compelling reason justifies its addition to the register. Third, it was not tendered in accordance with the Claims Procedure Notice.

4

**III.**

Based upon the foregoing discussion and analysis, it is, accordingly, **ORDERED** as follows:

1. That the motion to strike the Amended Claim (Claim No. 48-2) be, and hereby is, **GRANTED**;

2. That HFM's cross motion to authorize the filing of the Amended Claim be, and hereby is, **DENIED**; and

3. That the Amended Proof of claim be, and hereby is, **STRICKEN.**

The Clerk is directed to transmit a copy of this written opinion and order to all parties or their counsel who are entitled to notice.