Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

Dated: March 26th, 2018

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| IN RE: <br><br> JAMES F. HUMPHREYS & ASSOCIATES, L.C. <br><br> Debtor. | CASE NO. 2:16-bk-20006 <br><br> CHAPTER 11 <br><br> JUDGE FRANK W. VOLK |
|---|---|

**MEMORANDUM OPINION AND ORDER**
**DENYING HUMPHREY, FARRINGTON & MCCLAIN, P.C.'S**
**MOTION TO COMPEL AND SETTING SCHEDULE FOR BALANCE**
**OF CASE EVENTS**

Pending is Humphrey, Farrington & McClain, P.C.'s ("HFM") Motion to Compel James F. Humphreys to Respond to Questions Relating To Agreement With Motley Rice, LLC [Dckt.. 1374] (the "Motion"), the Objection to the Motion by James F. Humphreys & Associates, L.C. ("JFHA") and James F. Humphreys ("Mr. Humphreys") [Dckt. 1376] (the "Objection"), and the Responses thereto by HFM and JFHA [Dckts. 1385 and 1386] (the "Responses"). Arguments on the Motion, Objection, and Responses were heard March 7, 2018. The matter has been fully briefed and is ready for adjudication.

**I.**

HFM requests an order compelling Mr. Humphreys to respond to questions submitted to him during his deposition relating to the compensation agreements between the Debtor and Motley Rice, LLC.

On January 13, 2016, JFHA voluntarily petitioned for relief under Chapter 11 of the Bankruptcy Code. On November 9, 2016, the parties submitted a stipulated order setting forth time frames for discovery and a continued hearing. (Dckt. 866). An order was submitted on January 20, 2017, which provided that discovery would be completed by March 20, 2017. (Dckt. 1104). The Court entered the order on February 2, 2017. (Dckt. 1156). On March 16, 2017, the parties sought a further extension of discovery to May 20, 2017, (Dckt. 1262) which relief was granted by Order entered March 27, 2017. (Dckt. 1269).

On May 25, 2017, the parties submitted a Joint Motion seeking to extend discovery to August 31, 2017, and providing that "No additional extensions of time to complete discovery will be granted without *good cause shown*." (Dckt. 1296 (emphasis added)). On June 7, 2017, the Court entered the Order granting the Motion to Extend Time to Complete Discovery until August 31, 2017. (Dckt. 1299). On the final day of discovery, August 31, 2017, HFM deposed Mr. Humphreys. HFM took no action for several months following the close of discovery. Several months passed, and on January 19, 2018, HFM filed the Motion that is pending before this Court.

**II.**

**A.    HFM's Motion to Compel was Untimely**

HFM contends that the Motion was timely filed. Federal Rule of Bankruptcy Procedure 7037 provides simply that Federal Rule of Civil Procedure 37 applies in adversary proceedings. Recognizing that not all disputed matters in a bankruptcy case rise to the level of an adversary proceeding, Federal Rule of Bankruptcy Procedure 9014, which applies to contested matters, makes applicable Rule 7037.

Federal Rule of Civil Procedure 37 is the mechanism for enforcing compliance with the rules governing discovery. Although Rule 37 does not prescribe a specific time limit by which motions to compel must be filed, the Local Rules for our District do so specify. The aforementioned Local Rules are, at a minimum, instructive respecting the proper procedure herein. Local Rule of Civil Procedure 37.1 (c) provides pertinently that: "[m]otions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived, and in no event provide an excuse, good cause or reason to delay trial or modify the scheduling order."

HFM filed the Motion more than 30 days after the deposition concluded and almost five months after the close of discovery. Thus, based upon the foregoing discussion, the Motion was untimely.

B.   **HFM Has Not Met the "Good Cause" Standard**

HFM also contends that the discovery period should be extended. There is, however, an insufficient showing justifying the requested extension. As noted, the June 6, 2017, Order observed that "[n]o additional extensions of time to complete discovery will be granted without good cause shown." (Dckt. 1299). The parameters of the "good cause" standard, which has its roots in the text and jurisprudence surrounding Federal Rule of Civil Procedure 16(b), are well-settled. Our court of appeals has noted in an unpublished decision that "'good cause' requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence . . . ." *Cook v. Howard*, 484 Fed. Appx. 805, 816 (4th Cir. 2012). Thus, the touchstone for a showing of good cause is diligence. *Id.*; *see also*, *Fahim v. Marriott Hotel Services, Inc.*, 551

F.3d 344, 348 (5th Cir. 2008) (" 'Good cause' . . . requires a party to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.") (internal quotation marks omitted); *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003) (holding that to show "good cause" a movant must demonstrate "that despite their diligence they could not meet the original deadline"); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam) (same).

The Court has previously permitted several extensions to the discovery deadline (Dckts. 1156, 1269 and 1299), with the last order entered in June 2017 providing that another extension would not be granted absent good cause (Dckt. 1299). Apart from other concerns, HFM waited several months after the final discovery deadline to file the Motion. The Court concludes there is no basis for a finding of good cause to support the requested scheduling order modification.

### III.

Based upon the foregoing, it is **ORDERED** that the HFM's Motion be, and is hereby, **DENIED.**

The following Scheduling Order will control the remaining case events herein, absent a showing of extraordinary circumstances:

| Event | Deadline |
|---|---|
| Settlement meeting | X-50 |
| Proposed pretrial order from proponent to opponents | X-37 |
| Integrated pretrial order from opponents to Court | X-30 |
| Pretrial conference with counsel | X-21 |
| Draft proposed findings and conclusions of law exchanged | X-14 |
| Proposed findings of fact and conclusions of law filed with Court | X-5 |
| Final settlement conference | X-7 |
| Trial | August ---, 2018 |

Regarding the settlement meeting, the parties and their lead trial counsel shall meet and conduct negotiations looking toward the settlement of the action and counsel will be prepared at the pretrial conference to certify that they have done so. Counsel for the proponent shall take the initiative in scheduling the settlement meeting, and all other counsel shall cooperate to effect such negotiations. If the action is not settled during the settlement meeting or mediation session, and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all required trial disclosures at the conclusion of the meeting or session.

The proposed integrated pretrial order, signed by all counsel, shall set forth the matters listed in Local Rule 16.7(b) (District Court).

At both the pretrial and final settlement conferences, lead trial counsel shall appear fully prepared to discuss all aspects of the case. Individuals with full authority to settle the case for each party shall be present in person at the final settlement conference.

Should lead trial counsel fail to appear at any pre-trial conference or otherwise fail to meet and confer in good faith with opposing counsel as required herein, or should a party or his authorized representative fail to appear or be available at any conference or otherwise fail to meet and confer in good faith as required herein, appropriate sanctions may be imposed, including, but not limited to, sanctions by way of imposition of attorney fees against the attorney and/or his client.

All proceedings shall be held by the court at the Robert C. Byrd United States Courthouse, Charleston, West Virginia.

The Clerk is directed to transmit copies of this order to all counsel of record and any other parties entitled to notice.